## No. 10.

### SMITH BROS., & CO. *v.* MAXIMILIAN HERMAN.

The mere fact that a husband allows judgment to be taken by default in wife's suit for return of paraphernal property does not, of itself, raise a presumption of fraud, particularly where ample evidence was introduced in confirmation of default to prove validity of wife's claim.

*J. O. Nixon Jr.,* attorney.

*Braughn Buck & Dinkelspiel,* attorneys.

Their Honors Judge Walter H. Rogers and Judge Frank McGloin having recused themselves, they being of counsel and of judge in the lower court from which this case was appealed;

His Honor F. T. Monroe, judge of the Civil District Court, Division C, acting as judge *ad hoc,* delivered the opinion of the court in the words and figures following, to wit;

The defendant in this case, some two years before the institution of the suit, engaged in business as a retail dealer in teas and coffee, upon capital borrowed from his wife. From time to time, as the exigencies of his business required it, he obtained more and more money from the same source, until

the amount thus borrowed aggregated, as appears from the judgment rendered in favor of his wife, $9,985.04.

The defendant used the money he borrowed in establishing a number of stores in various parts of the city and in fitting them up. Not finding this method of conducting his business profitable, he concluded in the spring of 1878 to dispose of one or more of these stores, and for this purpose inserted an advertisement in the daily papers, over fictitious initials, to the effect that a good, paying business might be purchased, etc., etc. It appears from the evidence that just one or two persons answered these advertisements, and that nothing resulted from the negotiations with them, and no offer was made by defendant, and no negotions had for the sale of his whole business. The summer of 1878 proved an unusually disastrous one in a business point of view, and the expense of keeping up four different places of business entailed heavy losses upon the defendant, so that in the autumn his affairs were so much embarrassed that his wife instituted suit for separation of property and for the recovery of her paraphernal funds which resulted in a judgment in her favor for the sum already named.

This suit was filed November 2nd, 1878, and while the judgment was rendered by default, and confirmed, it is fully sustained by the testimony of a number of witnesses through whose hands the money passed.

It was shortly before the institution of this suit for separation etc., that the bill was contracted for which the present suit was brought, and while it is not denied that the judgment rendered is correct in so far as it fixed the amount due, the plaintiff complains that it is incorrect in failing to maintain the attachment sued out by them. The question before this court is therefore whether the circumstances of the case justifies the issuance of the attachment. The writ issued upon an affidavit that defendant had concealed his property, etc., and was about to conceal and part with it, and convert it into money, etc., for the purpose of defrauding his creditors and giving an unfair preference. And the circumstances upon

which plaintiff relied to sustained these averments and to rebut the sworn statements of defendant to the contrary are:

1. That efforts were made by him, through the medium of advertisements referred to, to dispose of his business, and the fact that said advertisements were made in an assumed name or over assumed initials, and that defendant represented to plaintiff that he intended to go on with his business when in fact it was his intention to seek to sell it out—

2. That he permitted his wife to obtain judgment by default, while he filed answers to plaintiff's suit and to the suit of another just creditor, thus giving a preference to his wife by placing her in a position to make a seizure for the satisfaction of her claim before judgment could be obtained by others—

3. That defendant upon demand for payment by plaintiff would give no account of his affairs but asked for time and stated that plaintiff should be paid in full even if no other creditors were so paid—

1. The court has already recapitulated the circumstances under which the defendant attempted to dispose of one or more of his stores. It does not appear that, at the time these advertisements were inserted in the paper, he was indebted to any one except his wife, nor does it appear that following the publication of said advertisement he made any large or unusual purchases. There is nothing in the advertisements themselves, nor in the testimony, to indicate that he desired to do more than concentrate his business and reduce his expenses. This intention cannot be regarded as inconsistent with his representations that he expected to make further purchases from plaintiff.

2. The judgment obtained in favor of the defendant's wife was rendered, as appears from the record, upon evidence of an unusually satisfactory character, and the failure to obtain judgment for the full amount prayed for is attributable to the fact that proof was not offered, and was probably not obtainable. It by no means follows that the full amount was not due; since, if it is to be supposed that the claim, or any

part of it was collusive, the parties would scarcely have hesitated as to the means of supplying the needed evidence. In Wilson vs. Chalaron, 26 Ann. 641, the defendant had confessed judgment in two suits, and had made a giving in payment to his wife and had caused her legal mortgage to be recorded—and it was held; that the law expressly allows the giving in payment, that it was his duty to cause the registry of the mortgage, and that it was his duty as well as his privilege to confess judgment if the claims were just. Beyond this, if a proceeding by the wife constituted an element in the making of the affidavit in the case, it was perfectly competent for the plaintiff to have introduced in that proceeding, and to have opposed the judgment. The counsel who was representing the plaintiff at that time in their negotiations with defendant, was summoned as a witness and gave his testimony as to correctness of an item of the wife's claim. This certainly does not look as if it was intended that the wife should be given an unfair preference over the plaintiff in this case, and when the acts done are lawful and proper, it is of course the intention of the party alone which must serve as the basis for the attachment.

Let us suppose that instead of the counsel representing plaintiff, the plaintiff's themselves had been examined to prove up the claim, could it possibly be argued, that it was intended to defraud them by the judgment thus to be obtained, of which they were thus notified, and which it was their privilege by the express provisions of the Code, to obstruct and contest? Most assuredly not and the same reasoning applies with greater force, to the case as it stands, since the counsel's knowledge of the law and of the right of his client is presumably greater than their own.

3. The third ground urged by the counsel for plaintiff is, in the opinion of the court, equally as insufficient as those already considered—The precise meaning or purport of the language attributed to the defendant is by no means clear. Certainly it is not clear enough to justify the conclusion that defendant contemplated the perpetration of a fraud—which

should either be proved, or, to say the least, inferred from a condition of things which leaves no other reasonable inference. That a debtor when pressed by a particular creditor should say to him, "you shall be paid if no one else is," may amount to nothing unless connected with circumstances and acts which indicate a serious and fraudulent purpose—In this case there were no such acts, and the fact that plaintiff has instituted this suit, and issued the writ under consideration sufficiently shows the estimate which they placed upon this statement. For those reasons it is ordered that the judgment of the lower court dissolving the attachment, be affirmed, and that plantiffs be condemned to pay the costs thereof together with the cost of the appeal.

His Honor A. L. Tissot, judge of the Civil District Court, acting as judge *ad hoc*, concurs in the above opinion.